UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER BACHMAN, MELANIE
CROXALL, and OLIVIA LARSON,

    Plaintiffs,

v.                                              Case No. 8:19-cv-3070-T-60JSS

COGNIZANT BUSINESS SERVICES
CORPORATION, MARIA BLANCHARD, an
individual, MARK LANGLEY, an individual,
and RANDY LEVELL, an individual,

    Defendants.
_____/

**ORDER GRANTING "DEFENDANT MARIA BLANCHARD'S
MOTION TO DISMISS OR ALTERNATIVELY QUASH
SERVICE AND SET ASIDE DEFAULT"**

This matter is before the Court on "Defendant Maria Blanchard's Motion to Dismiss or Alternatively Quash Service and Set Aside Default." (Doc. 28). On April 13, 2020, Plaintiffs Jennifer Bachman, Melanie Croxall, and Olivia Larson filed a response in opposition to the motion. (Doc. 30). Upon review of the motion, response, court file, and the record, the Court finds as follows:

**Background**

In this suit, Plaintiffs generally assert federal claims of employment discrimination, harassment, and retaliation, in addition to state law tort claims of intentional infliction of emotional distress, assault, and battery. Plaintiffs allege only one claim against Blanchard – intentional infliction of emotional distress (Count VIII).

According to Blanchard's affidavit, she was employed by Defendant Cognizant Technology Solutions U.S. Corporation in Tampa, Florida, from September 2017 to December 27, 2019.  (Doc. 28-1 at ¶¶ 1-2).  She resigned on December 27, 2019, to pursue another job opportunity in Guantanamo Bay, Cuba.  (*Id*. at ¶ 2).  Blanchard relocated to Cuba on or around January 16, 2020, where she now lives and works.  (*Id*. at ¶¶ 2-3).  She has not returned to Florida since her move.  (*Id*. at ¶ 3).  She receives mail only at her Cuba address.  (*Id*. at ¶ 3).  She has no plans to return to Florida.  (*Id*. at ¶ 3).  Since then, Blanchard's family has also relocated to Cuba as well.  (*Id*. at ¶ 2).

On or around January 22, 2020, Plaintiffs attempted to serve Blanchard at her prior residence in Seffner, Florida.  (*Id*. at ¶ 4).  Because Blanchard was not present, the process server attempted to deliver the summons and complaint to Blanchard's husband.  (*Id*. at ¶ 5).  Blanchard's husband explained that he could not accept service on her behalf because she no longer resided there, and he did not possess the authority to accept service on her behalf.  (*Id*. at ¶¶ 5-6).  However, the process server left the summons and complaint with Blanchard's husband and later submitted a sworn return of service declaring that he served a "co-resident."  (*Id*. at ¶ 5; Doc. 17).

## Analysis

Blanchard argues that the complaint should be dismissed because Plaintiffs failed to properly effect service of process.  The Court agrees.

After this case was removed, Plaintiffs have not acted to correct any alleged service deficiencies pursuant to 28 U.S.C. § 1448.  As a result, the Court analyzes the sufficiency of process under Florida law.  *See Burdock and Associates, Inc. v. Magnuson*, No. 6:08-cv-415-Orl-22KRS, 2008 WL 3058584, at *3 (M.D. Fla. Aug. 1,

2008). "Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings; the burden of proving the validity of service of process is on the plaintiff." *Id.* (citing *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005)).

Whether Plaintiffs were required to serve Blanchard pursuant to the requirements of the Hague Convention depends on whether Blanchard's "usual place of abode" was in Florida or Cuba at the time of service. *See* § 48.031(1)(a), *F.S.*; *Burdock*, 2008 WL 3058584, at *3. Under Florida law, a person's "usual place of abode" means the location "where the defendant is actually living at the time of service." *Id.* (citing *Shurman v. Atl. Mortgage & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001)). Importantly, "[m]ere ownership of a residence and service upon a spouse at that residence does not suffice to establish 'usual place of abode,' when the defendant submits an affidavit that she was not in the jurisdiction on the date of purported service, and that in fact she does not reside in the United States." *Id.* (citing *Stern v. Gad*, 505 So. 2d 531, 532 (Fla. 3d DCA 1987)).

Here, Blanchard filed an affidavit averring – under the penalty of perjury – that she relocated to Cuba on January 16, 2020, with no intent to return to Florida. Plaintiffs have failed to put forth any competing evidence.[1] Therefore, based on the record before the Court, substitute service upon Blanchard's husband was ineffective

---

[1] Plaintiffs instead contend that they do not believe Blanchard's affidavit, and they request a limited evidentiary hearing on this issue. However, the cases cited by Plaintiffs address the use of limited evidentiary hearings when a court must determine whether a defendant possesses the requisite minimum contacts with the forum state. The Court further notes that in *Burdock and Associates*, Judge Conway relied on the papers submitted by the parties, including competing affidavits, and ruled on the motion without an evidentiary hearing. *See Burdock*, 2008 WL 3058584, at *1. Accordingly, the Court does not believe a limited evidentiary hearing is warranted.

because Blanchard's usual place of abode was in Cuba on January 22, 2020. *See id.* at *4 (holding that service upon defendant's husband was ineffective since her usual place of abode at the time of service was in Canada).

Because Plaintiffs do not contend that they served Blanchard in accordance with the Hague Convention, Plaintiffs have failed to sustain their burden of establishing the sufficiency of service of process. *See id.* As a result, the Court lacks personal jurisdiction over Blanchard. Blanchard's motion is therefore due to be granted.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Maria Blanchard's Motion to Dismiss or Alternatively Quash Service and Set Aside Default" (Doc. 28) is hereby **GRANTED**.

(2) Defendant Maria Blanchard is dismissed without prejudice from this action. The Clerk is directed to vacate the default against Maria Blanchard (Doc. 20) and terminate her as a Defendant in this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of May, 2020.

                                                          **TOM BARBER**
                                                          **UNITED STATES DISTRICT JUDGE**